No. 556

DAWSON v. EAST OHIO GAS CO et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4903

801. MUNICIPAL LAW—1. Person not guilty of contributory negligence as matter of law in falling into hole in sidewalk in daytime.

2. Schaefler v. Sandusky and other cases distinguished.

3. Where gas company creates nuisance in street it is liable for all injury resulting therefrom.

Middleton, Sayre, JJ., 4th Dist., Sitting
and Sullivan, J.

SAYRE, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for negligence brought by Eleanor Dawson against the East Ohio Gas Company and the City of Cleveland. She received injuries by a fall on the sidewalk near her residence in Cleveland. The evidence disclosed that the Gas Company had left a gas stop protrude above the sidewalk for about two inches near the plaintiff's residence. It also appeared that plaintiff was familiar with the existence of this gas stop, as she had passed by it many times. This gas stop was in the sidewalk on the side of the street where plaintiff lived, there being no sidewalk on the opposite side. While the plaintiff was walking along the street during the day time she met at the point where the stop box is located a number of school children, and in order to let them pass stepped to one side, caught her foot under the top of the stop box and fell, sustaining the injuries for which this action was brought. The trial court directed a verdict for defendants upon the ground that the plaintiff was guilty of contributory negligence as a

matter of law. In reversing the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that a person is guilty of contributory negligence when he falls over a defective condition in a sidewalk, of which he knew prior to the accident and could have seen had some circumstance not distracted his attention to such an extent as to cause him to overlook the defect, especially when the sidewalk upon which he is traversing is not dangerous in itself, and the faulty condition cannot be easily avoided.

2. The cases of Schaefier v. Sandusky, 33 OS. 246; Conneaut v. Neaf, 54 OS. 529, and Norwalk v. Tuttle, 73 OS. 242, and Toledo v. Smith, 13 CC. (N. S) 504, were to be distinguished upon the ground that the sidewalk was in a knowingly dangerous condition and the danger might have been avoided.

3. The Gas Company is liable for maintaining a nuisance in the public highway.

Attorneys—J. S. Dworken, for Dawson; Tolles, Hogsett, Ginn & Morley, for Ohio Gas Co.; Carl F. Schuler and E. P. Westenhaver, for City; all of Cleveland.